1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  KRISTIN G. HOGUE
   Supervising Deputy Attorney General
3  WILLIAM A. BUESS, State Bar No. 134958
   Deputy Attorney General
4   110 West A Street, Suite 1100
    San Diego, CA 92101
5   P.O. Box 85266
    San Diego, CA 92186-5266
6   Telephone: (619) 645-2039
    Fax: (619) 645-2012
7   Email: William.Buess@doj.ca.gov

8  Attorneys for Defendants Gray and Salazar

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TROY DOMINIC MABON, JR.,**<br><br>                        Plaintiff,<br><br>    v.<br><br>**S. YOUNG, et al.,**<br><br>                        Defendants. | 08CV0258-JLS(CAB)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS<br><br>Hearing:  October 2, 2008<br>Time:     1:30 p.m.<br>Ctrm:     6<br>Judge:    The Honorable Janis L. Sammartino<br><br>NO ORAL ARGUMENT REQUIRED |

**PRELIMINARY STATEMENT**

Plaintiff filed this action on February 11, 2008. The United States Marshal's Office sent a Waiver of Service to defendants Gray and Salazar on or about June 2, 2008. Both defendant Gray and Salazar completed the waiver through their attorney on July 1, 2008.

On July 7, 2008, the United States Marshal's Office sent a similar Waiver of Service form to Dr. Barreras, M.D. That process is being completed. No other defendants have been served.

Plaintiff brings this lawsuit under 42 U.S.C. § 1983 and alleges violations of his civil rights by the various defendants. The allegations stem from medical care for apparent dermatological

1  issues alleged by plaintiff. Essentially, plaintiff alleges wrongdoing in being provided
2  "Erythromycin", to which he was allergic.

3  Regarding defendant Gray, plaintiff names "C. GRAY" in her official capacity only.
4  (Complaint page 2, paragraph 2.) Further, plaintiff alleges that defendant Gray filed a falsified
5  Second Level Appeal Response. (Complaint page 3.)

6  A complaint may be dismissed as a matter of law for two reasons: First, a lack of a
7  cognizable legal theory; or second, insufficient facts under a cognizable legal theory. *Ballisteri v.*
8  *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). A motion to dismiss tests the legal
9  sufficiency of the claim, as well as the reasonable inferences to be drawn from them and the court
10 must construe the complaint in the light most favorable to the non-moving party. *N.L. Industries*,
11 *Inc. v. Kaplan*, 792 F.2d 896 (9th Cir. 1986); *Parks School of Business, Inc. v. Symington*, 51 F.3d
12 1480, 1484 (9th Cir. 1995). The court need not, however, accept every allegation in the complaint
13 as true. Rather, the court should examine whether conclusory allegations follow from the description
14 of the facts as alleged by the plaintiff. *Holden v. Hagogian*, 978 F.2d 1115, 1121 (9th cir. 1992).

15

## I.
## DEFENDANT GRAY IS SUED IN OFFICIAL CAPACITY ONLY
## WHICH CANNOT BE MAINTAINED

18  The Federal Civil Rights Act provides a civil remedy against a person who, under color
19 of state law, deprives another of federal rights cognizable under 42 U.S.C. § 1983. State officials
20 sued in their official capacities are not considered "persons" subject to litigation under 42
21 U.S.C. § 1983. Rather, suits against officials in their official capacities are considered suits against
22 the State. The State is not considered a "person" under the statute and therefore suit against a State
23 or an official in his/her official capacity is barred. *Will v. Michigan Dep't.of State Police,* 491 U.S.
24 58, 105 L.Ed.2d 45, 109 S.Ct. 2304 (1989); *Hafer v. Melo*, 502 U.S. 21, 116 L.Ed.2d 301, 112 S.Ct.
25 358 (1991).

26  In this action, plaintiff Mabon clearly limits the involvement of defendant Gray as a
27 defendant in her official capacity. This is evidenced by plaintiff's noting by check-mark in the
28 second paragraph, defendant Gray sued in her official capacity only. The distinction is clear when

1 looking to the other defendants and plaintiff's clear check-marking both official and individual
2 capacity for the other defendants; not defendant Gray.  Therefore, defendant Gray is not a proper
3 defendant under 42 U.S.C. § 1983, and this action cannot be maintained against her.

## II.
## PLAINTIFF FAILS TO PROPERLY ALLEGE A DUE PROCESS VIOLATION

6 The due process clause of the Fourteenth Amendment, prohibiting deprivations of life, liberty or property without due process, "was intended to prevent government from abusing [its] power, or employing it as an instrument of oppression." *DeShaney v. Winnebago County Dep't of Social Services*, 489 U.S. 189, 196, 103 L.Ed.2d 249, 259, 109 S.Ct. 998 (1989), quoting from *Davidson v. Cannon*, 474 U.S. 344, 348, 88 L.Ed.2d 677, 682, 106 S.Ct. 668 (1986).  Such a deprivation may be characterized as deprivation of liberty or property interests. However, a deprivation that results from an act of negligence which results in an unintended loss of or injury to life, liberty or property is not cognizable under the Fourteenth Amendment. *Daniels v. Williams*, 474 U.S. 327, 328, 88 L.Ed.2d 662, 666, 106 S.Ct. 662 (1986).

15 Thus, a claimant must identify the cognizable interest at issue under the federal statute. *Baker v. McCollan*, 443 U.S. 137, 61 L.Ed.2d 433, 99 S.Ct. 2689 (1979); *Johnson v. Barker*, 799 F.2d 1396 (9th Cir. 1986).  Moreover, the inmate appeal process, of which the Second Level Review and its Response is a part, confers no substantive rights. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) states: "There is no legitimate claim to entitlement to a grievance procedure".  Further, in *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) provides: "Ramirez's claimed loss of a liberty interest in the processing of his appeals does not satisfy this standard, because inmates lack a separate constitutional entitlement to a specific prison grievance procedure".  Finally, in *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001), the court concluded: "The courts of appeals that have confronted this issue are in agreement that the existence of a prison grievance procedure confers no liberty interest on a prisoner."

26 Plaintiff Mabon alleges that defendant Gray submitted a falsified Second Level Appeal Response ("response"). Plaintiff attaches that response as Exhibit A.  Plaintiff alleges that despite the note on the response that, "You (sic) UHR has been corrected to reflect Allergy to

Erythromycin.", defendant somehow knew or should have known from the evidence within the record that he was allergic to Erythromycin before the report by defendant. First, plaintiff has not established either the liberty or property interest involved. Second, plaintiff suggests with no factual support that defendant Gray somehow knew or should have known about his allergy before the report but covered that fact up. Third, plaintiff does not establish any harm that was suffered due to the alleged wrongful conduct by defendant Gray. Indeed, the UHR, as a result of the interview by defendant Gray, now correctly reflects the allergy on the front.

## CONCLUSION

Plaintiff sues defendant Gray only in her official capacity. This cannot be maintained under 42 U.S.C. § 1983.

Additionally, plaintiff does not properly establish a violation by defendant Gray under the federal statute.

Defendant Gray respectfully requests this court grant this motion and dismiss her from this action in its entirety.

Dated: July 30, 2008

        Respectfully submitted,

        EDMUND G. BROWN JR.
        Attorney General of the State of California

        KRISTIN G. HOGUE
        Supervising Deputy Attorney General

        s/ *William A. Buess*

        WILLIAM A. BUESS
        Deputy Attorney General
        Attorneys for Defendants Gray and Salazar

WAB:ew
Mabon.Memo of P's and A's in Support of Motion to Dismiss.wpd
SD2008801592