EDMUND G. BROWN JR.
Attorney General of the State of California
KRISTIN G. HOGUE
Supervising Deputy Attorney General
WILLIAM A. BUESS, State Bar No. 134958
Deputy Attorney General
 110 West A Street, Suite 1100
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone: (619) 645-2039
 Fax: (619) 645-2012
 Email: William.Buess@doj.ca.gov

Attorneys for Defendants Gray and Salazar

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TROY DOMINIC MABON, JR.,** | Case No.:08cv0258-JLS(CAB) |
| Plaintiff, | DEFENDANT SALAZAR'S ANSWER AND DEMAND FOR JURY TRIAL |
| v. | |
| **S. YOUNG, et al.,** | |
| Defendants. | |

Comes now only defendant G. Salazar (erroneously spelled "Salizar") and in answer on her own behalf to the Complaint Under the Civil Rights Act 42 U.S.C. § 1983 ("complaint") herein, admits, denies and alleges as follows:

1. In answer to paragraph A, answering defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

2. In answer to paragraph B 1., answering defendant is without sufficient knowledge or information or current recollection to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

///

3. In answer to paragraph B2, answering defendant denies that she resides in Imperial County and that she is currently employed as a "Medical Technichan (sic) Assistant". Answering defendant admits that she previously was an "MTA". Except as admitted or denied, answering defendant is without knowledge or information or current recollection to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every remaining allegation contained therein.

4. In answer to paragraph C, Count 2, answering defendant denies all allegations of wrongdoing. Answering defendant admits to seeing a request for services sometime later, but is without sufficient knowledge or information or current recollection concerning directing plaintiff to fill out a form and on that basis denies the allegations. Further, except as admitted or denied, answering defendant is without sufficient knowledge or information or current recollection to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

5. In answer to paragraph D, answering defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

6. In answer to paragraph E, answering defendant denies any basis for punitive damages and any and all damages plaintiff seeks.

7. In answer to paragraph F, answering defendant hereby requests trial by jury.

**AFFIRMATIVE DEFENSES**

In further answer to said complaint, defendant alleges the following affirmative defenses:

AFFIRMATIVE DEFENSE NO. 1.:

The complaint presents no actual controversy or justiciable question which is presently suitable for determination in this court.

AFFIRMATIVE DEFENSE NO. 2.:

The complaint and each cause of action therein fail to allege facts sufficient to constitute a cause of action.

///

### AFFIRMATIVE DEFENSE NO. 3.:

The complaint and each cause of action therein are uncertain.

### AFFIRMATIVE DEFENSE NO. 4.:

Any award for punitive damages herein would result in a deprivation of rights under the Constitutions of the United States and of the State of California in that:

1) Defendant(s) would be placed in double jeopardy by being tried twice for the same offense in contravention of the Fifth Amendment;

2) The statutes and laws purporting to prescribe criteria for an award for punitive damages are vague in that they are not sufficiently specific to know what conduct will subject one to such penalty;

3) Any award of punitive damages herein would violate the due process clauses of the Constitutions of the United States and the State of California in that the standards for setting such damages are void for vagueness and there is no objective standard for limiting the amount of punitive damages;

4) Defendant(s) would be required to be a witness in contravention of the Fifth Amendment;

5) Such damages would be imposed without proof of guilt beyond a reasonable doubt in contravention of the Sixth Amendment;

6) Defendant(s) would be deprived of equal protection of the laws in contravention of the Fifth and Fourteenth Amendments in that any award is based in part upon individual wealth or economic status;

7) Such award for punitive damages would violate the equal protection clauses of the Constitutions of the United States and the State of California in that it would encourage disproportionate punishment without a rational basis and amount to an arbitrary classification;

8) Such damages would amount to excessive fines in contravention of the Eighth Amendment; and

9) Defendant(s) would be deprived in other ways of the right to due process of law.

By reason of the above premises, the award of punitive damages herein should not be

allowed.

### AFFIRMATIVE DEFENSE NO. 5.:

Should plaintiff herein recover damages, the amount thereof should be abated, apportioned and reduced to the extent that the negligence of any other person or entity caused or contributed to damages, if any there were.

### AFFIRMATIVE DEFENSE NO. 6.:

Plaintiff herein willingly, voluntarily and knowingly assumed each, every and all the risks and hazards involved in the activities alleged in the complaint.

### AFFIRMATIVE DEFENSE NO. 7.:

Any and all alleged happenings and events, damages and injuries, if any there were, were proximately caused and contributed to by the negligence of plaintiff and others, each and all of whom failed to exercise ordinary care at the times and places alleged in the complaint.

### AFFIRMATIVE DEFENSE NO. 8.:

The complaint and each cause of action therein are barred because the issues and the incidents that are alleged therein have been previously litigated. As a result, the same questions cannot be litigated anew in this action. This action is barred by the doctrines of collateral estoppel and res judicata.

### AFFIRMATIVE DEFENSE NO. 9.:

The damages alleged in the complaint herein are subject to a set-off either partially or in full.

### AFFIRMATIVE DEFENSE NO. 10.:

At all relevant times, each defendant acted independently and not in association or concert with or as agent or servant of any other defendant, including any sued herein under fictitious names, or of the employees or agents of other defendants.

### AFFIRMATIVE DEFENSE NO. 11.:

Answering defendant Salazar at all relevant times acted within the course and scope of duty of public employment.

///

### AFFIRMATIVE DEFENSE NO. 12.:

The complaint and each cause of action therein are barred and this court is without jurisdiction as there has been a failure to exhaust administrative remedies.

### AFFIRMATIVE DEFENSE NO. 13.:

The action is barred by the doctrines of laches and unreasonable delay in bringing this action.

### AFFIRMATIVE DEFENSE NO. 14.:

At all relevant times, plaintiff failed to mitigate injury and damages.

### AFFIRMATIVE DEFENSE NO. 15.:

There is no respondeat superior liability for public entities under 42 U.S.C. §1983. *Monell* v. *Department of Social Services of the City of New York*, 436 U.S. 658, 690, 56 L.Ed.2d 611, 98 S.Ct. 2108 (1978).

### AFFIRMATIVE DEFENSE NO. 16.:

Because the complaint is couched in conclusory terms, all affirmative defenses that may be applicable to the within action cannot be fully anticipated. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is reserved.

### AFFIRMATIVE DEFENSE NO. 17.:

The instant action is barred by the doctrine of unclean hands.

### AFFIRMATIVE DEFENSE NO. 18.:

The State of California is not amenable to suit in this court in this action by reason of the Eleventh Amendment of the United States Constitution.

### AFFIRMATIVE DEFENSE NO. 19.:

Answering defendant Salazar will be entitled to reasonable attorney fees and costs of suit upon prevailing within the meaning of 42 United States Code section 1988.

### AFFIRMATIVE DEFENSE NO. 20.:

Insofar as defendant Salazar delegated any duty to any subordinate, such delegation was at all times done in good faith, and with due care. Answering defendant Salazar therefore

not liable for any act or omission of any subordinate.

### AFFIRMATIVE DEFENSE NO. 21.:

The complaint fails to state a cause of action pursuant to *Monell* v. *Department of Social Services of the City of New York* (1978) 436 U.S. 658, 690 [56 L.Ed.2d 611, 98 S.Ct. 2108] because the State of California and its agencies and departments are state rather than municipal entities.

### AFFIRMATIVE DEFENSE NO. 22.:

Neither the State of California nor any of its departments is a "person" within the meaning of the Federal Civil Rights Act, 42 United States Code section 1983 et seq.

### AFFIRMATIVE DEFENSE NO. 23.:

This court lacks subject matter jurisdiction over the causes of action alleged in the complaint herein because the allegations do not state a cause of action for Constitutional tort, or any cause of action at all.

### AFFIRMATIVE DEFENSE NO. 24.:

At all relevant times, defendant exercised due care and acted only in the execution or enforcement of the law.

### AFFIRMATIVE DEFENSE NO. 25.:

The complaint herein fails to state facts sufficient to constitute a cause of action in that simple negligence is not a federal civil rights violation. (*Daniels* v. *Williams* (1986) 474 U.S. 327 [88 L.Ed.2d 662, 106 S.Ct. 662].)

### AFFIRMATIVE DEFENSE NO. 26.:

The complaint fails to state a cause of action for violation of civil rights, as any deprivation of civil rights alleged in the complaint was not without due process of law.

### AFFIRMATIVE DEFENSE NO. 27.:

Answering defendant Salazar did not deprived any person of any right, privilege or immunity guaranteed by the Constitution or laws of the United States.  There has been no deprivation of any right, privilege or immunity guaranteed by the laws or Constitution of the United States.

AFFIRMATIVE DEFENSE NO. 28.:

There is no imputed liability between public officers in actions under the Federal Civil Rights Act.

AFFIRMATIVE DEFENSE NO. 29.:

There is no imputed liability between a public officer and the employing public entity in actions under the Federal Civil Rights Act.

AFFIRMATIVE DEFENSE NO. 30.:

All acts of defendant Salazar, if any there were, occurred in the proper exercise of police powers without malice or intent to deprive any person of any right arising under the Constitution or laws of the United States, or to do any person any other injury.

AFFIRMATIVE DEFENSE NO. 31.:

The claim for punitive damages against public entities such as the State of California is not permitted.  (*City of Newport* v. *Fact Concerts* (1981) 453 U.S. 247, 271 [69 L.Ed.2d 616, 101 S.Ct. 2748].)

AFFIRMATIVE DEFENSE NO. 32.:

To the extent that the complaint herein seeks recovery on any common law tort theory, any liability for common law tort must be diminished in proportion to the amount of fault attributable to plaintiff and others.

AFFIRMATIVE DEFENSE NO. 33.:

Answering defendant Salazar is entitled to qualified and official and quasi-judicial immunity.  Defendant(s) acted at all times herein relevant in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and laws of the United States.  There is no liability pursuant to the Federal Civil Rights Act where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with the clearly-established law.  (*Harlow* v. *Fitzgerald* (1982) 457 U.S. 800, 818 [73 L.Ed.2d 396, 102 S.Ct. 2727].)

AFFIRMATIVE DEFENSE NO. 34.:

Plaintiff Mabon, having full and adequate information, willingly, knowingly and

voluntarily consented to the treatment alleged in the complaint.

### AFFIRMATIVE DEFENSE NO. 35.:

Neither the public entity nor any employee within the scope of employment stood in such a special relationship to any person alleged in the complaint so as to give rise to any duty running to any person.

### AFFIRMATIVE DEFENSE NO. 36.:

Insofar as defendant promulgated any rule or regulation or directive, such promulgation was done within the scope of discretion, in good faith, with due care, and with the intent that such rule or regulation or directive conforms in all respects to the Constitution and laws of the United States.

WHEREFORE, defendant Salazar prays as follows:

1. That plaintiff take nothing by way of his Complaint.
2. That judgment be rendered in favor of defendant Salazar and against plaintiff Mabon.
3. For other and further relief as the Court may deem just and proper.
4. That defendant recover her costs and attorney fees, pursuant to 42 U.S.C. § 1988.

### REQUEST FOR JURY TRIAL

Answering defendant hereby requests trial by jury.

Dated: August 1, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

KRISTIN G. HOGUE
Supervising Deputy Attorney General


s/ *William A. Buess*

WILLIAM A. BUESS
Deputy Attorney General
Attorneys for Defendants Gray and Salazar

WAB:ew
80266698.wpd
SD2008801592

**CERTIFICATE OF SERVICE**

Case Name:   **MABON v. YOUNG**

No.:   **08cv0258-JLS(CAB)**

I declare:

On <u>August 1, 2008</u>, I electronically filed the following document(s):

DEFENDANT SALAZAR'S ANSWER AND DEMAND FOR JURY TRIAL

CERTIFICATE OF SERVICE

**Electronic Mail Notice List**

I have caused the above-mentioned document(s) to be electronically served on the following person(s), who are currently on the list to receive e-mail notices for this case:

NONE

**Manual Notice List**

The following are those who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing):

Troy Dominic Mabon
V70737
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA  95532

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 1, 2008, at San Diego, California.

|  |  |
|---|---|
| E Williams | *E Williams* (signature) |
| Declarant | Signature |

SD2008801592
80265895.wpd