EDMUND G. BROWN JR.
Attorney General of the State of California
KRISTIN G. HOGUE
Supervising Deputy Attorney General
WILLIAM A. BUESS, State Bar No. 134958
Deputy Attorney General
 110 West A Street, Suite 1100
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone:  (619) 645-2039
 Fax:  (619) 645-2012
 Email:  William.Buess@doj.ca.gov

Attorneys for Defendants N. Barreras, G. Salazar and C. Gray

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY DOMINIC MABON, JR.,<br><br>Plaintiff,<br><br>v.<br><br>DR. SHARON YOUNG; DR. N. BARRERAS; MTA G. SALIZAR; C. GRAY, SRN,<br><br>Defendants. | 08cv0258-JLS(CAB)<br><br>DEFENDANT BARRERAS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS<br><br>Date:  October 2, 2008<br>Time:  9:00 a.m.<br>Ctrm:  E<br>Judge:  Honorable Cathy Ann Bencivengo<br><br>NO ORAL ARGUMENT REQUIRED |

**PRELIMINARY STATEMENT**

Plaintiff filed this action on February 11, 2008.  The United States Marshal's Office sent a Waiver of Service to defendant Dr. Barreras on or about July 7, 2008.  Dr. Barreras, through counsel, executed the waiver on August 4, 2008.

Plaintiff brings this lawsuit under 42 U.S.C. § 1983 alleging violations of his civil rights by Dr. Barreras through deliberate indifference to plaintiff's medical needs.  In "Count Three", plaintiff alleges that Dr. Barreras violated plaintiff's rights through "Medical Malpractice Medical Care Violation."

**I.**

**DEFENDANT CANNOT BE SUED IN HER OFFICIAL CAPACITY**

The Federal Civil Rights Act under 42 U.S.C. § 1983 provides a remedy to plaintiffs injured by a "person" who, under color of state law, deprives the plaintiff of his/her federal rights. An official sued in his/her official capacity is afforded immunity from suit under the Eleventh Amendment to the United States Constitution. Additionally, the statute has been interpreted to exclude a State and State officials acting in their official capacity because they are not a "person" under the statute. *Will v. Michigan Department of State Police*, 491 U.S. 58, 70-71, 105 L. Ed.2d 45, 109 S. Ct. 2304 (1989); *Hafer v. Melo*, 502 U.S. 21, 26, 116 L. Ed.2d 301, 112 S. Ct. 358 (1991); *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988); *Blaylock v. Schwinden*, 862 F.2d 1352, 1354 (9th Cir. 1988); *Oliver Schools, Inc. v. Foley*, 930 F.2d 248, 252 (2nd Cir. 1991); *Leer v. Murphy*, 844 F.2d 628, 632 (9th Cir. 1988).

In this action, plaintiff Mabon sues Dr. Barreras (erroneously identified in the Complaint as male) .in both her individual and official capacity. (Complaint page 2, paragraph 2.) Dr. Barreras in her official capacity is shielded from suit and liability by virtue of the Eleventh Amendment to the U.S. Constitution and because Dr. Barreras is not a proper defendant, i.e., not a "person" under 42 U.S.C. § 1983.

More significantly, in the complaint, plaintiff explained that Dr. Barreras was acting in her official capacity only. Plaintiff explained that Dr. Barreras violated plaintiff's rights: "Because he is a correctional doctor employed by C.D.C.R. and was on duty in his/her official capacity at the time of the violation". (Complaint page 2, paragraph 2.) Therefore, the only capacity plaintiff alleges is Dr. Barreras' official capacity. In fact, according to the operative allegations in the Complaint (Count 3, page 5, Supporting Facts) plaintiff makes allegations against Dr. Barreras only in her official capacity. As such, plaintiff cannot maintain this action against Dr. Barreras at all.

**II.**

**PLAINTIFF FAILS TO ESTABLISH DELIBERATE INDIFFERENCE**

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. Such a violation may occur when medical or dental treatment is delayed, interfered with

or denied, creating circumstances that produce an excessive risk of serous harm to the inmate. *Estelle v. Gamble*, 429 U.S. 97, 104-106, 50 L. Ed.2d 251, 97 S. Ct. 285 (1976).

In *Farmer v. Brennan*, 511 U.S. 825, 834, 128 L. Ed.2d 811, 114 S. Ct. 1970 (1994), the Supreme Court explained the factors in actionable deliberate indifference:

> Our cases have held that a prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious,' (Citations omitted) ¶ The second requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.' (Citations omitted.) To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.'

Thus, to prevail, a plaintiff must establish both objectively deficient conduct regarding a serious medical condition and a culpable state of mind by the defendant. *Farmer*, 511 U.S. at 834; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Deliberate indifference cannot be based on negligence. *Whitley v. Albers*, 475 U.S. 312, 319, 89 L. Ed.2d 251, 106 S. Ct. 1078 (1986); *Hallett v. Morgan*, 296 F.3d 732 (9th Cir. 2002); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992); *Wood v. Housewright*, 900 f.2d 1332, 1334 (9th Cir. 1990); *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980).

Deliberate indifference cannot be based on a difference of opinion between medical professionals. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Deliberate indifference cannot be based on a difference of opinion between the inmate and his/her doctors. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Mayfield v. Craven*, 422 F.2d 873, 874 (9th Cir. 1970); *Franklin v. State of OR, State Welfare Division*, 662 F.2d 1337, 1344 (9th Cir. 1981).

In *Toguchi v. Chung*, 391 F.3d 1951, 1060 (9th Cir. 2004), the court concluded: "Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."

In this action, plaintiff Mabon alleges against Dr. Barreras that she was negligent. Plaintiff alleges that he was seen by Dr. Barreras only once, on "6.29.06". (Complaint page 5, Count 3, Supporting Facts.) Plaintiff acknowledges that Dr. Barreras wrote plaintiff's allergies down in plaintiff's medical chart. However, plaintiff then alleges that Dr. Barreras was incompetent

1 in not up dating plaintiff's record with allergy data resulting in an allergic reaction: "that resulted
2 directly
3 from Dr. Barreras incompetence to up date my unit health care file record so that it's labled (sic) on
4 the inside and outside to reflect my allergies to erythromycin. . ."

5 According to plaintiff's allegations, he is complaining against Dr. Barreras for
6 professional negligence only. There are no allegations of or support for a cause of action for
7 deliberate indifference. At best, plaintiff's allegations sound in professional negligence which does
8 not establish deliberate indifference. This action cannot be maintained against Dr. Barreras.

## CONCLUSION

10 Plaintiff cannot maintain this action under 42 U.S.C. § 1983 against Dr. Barreras. Dr.
11 Barreras is immune from suit under the Eleventh Amendment to the United States Constitution.
12 Additionally, Dr. Barreras, in her official capacity, is not a proper defendant under the federal
13 statute. Additionally, a review of all of the operative allegations against Dr. Barreras indicates that
14 plaintiff's allegations rest only on Dr. Barreras' official capacity only.

15 Furthermore, plaintiff's action is grounded in negligence only which cannot establish
16 deliberate indifference.

17 Defendant Dr. Barreras respectfully requests this court grant this Motion to Dismiss in its
18 entirety and with prejudice.

19 Dated: August 26, 2008

20 Respectfully submitted,

21 EDMUND G. BROWN JR.
Attorney General of the State of California

22 KRISTIN G. HOGUE
Supervising Deputy Attorney General
23
s/ *William A. Buess*
24
WILLIAM A. BUESS
25 Deputy Attorney General

26 Attorneys for Defendants N. Barreras, G. Salazar and C.Gray

27
80274890.wpd
28 SD2008801592

DR. BARRARAS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS                                   Case No. 08cv0258-JLS(CAB)
4